# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CR306-04 |
| v. ) | ~~06-10M~~ |
| ) | |
| MICHAEL ANTHONY TAYLOR, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On February 9, 2006, the Court ordered a forensic psychiatric evaluation of defendant to determine whether he is competent to stand trial and whether he was insane at the time of the offense. Doc. 4. The defendant was transported to the Federal Detention Center in Miami, Florida, where he was evaluated and administered a battery of psychological tests by a team of experts working under the direction of Rodolfo A. Buigas, Ph.D. Based upon extensive interviews and the results of a the tests administered to defendant, Dr. Buigas concluded that defendant presently

suffers from a severe mental disorder which impairs his rational understanding of the legal proceedings and compromises his ability to assist in his own defense, thus rendering him incompetent to stand trial. Dr. Buigas further concluded that defendant's mental disorder interfered with his ability to appreciate the nature and quality and the wrongfulness of his actions at the time of the alleged offense.

The Court conducted a competency hearing on August 18, 2006 in Statesboro, Georgia. The government introduced the testimony of Dr. Buigas, who summarized the results of defendant's month-long evaluation and explained his findings and diagnosis. Dr. Buigas testified that although defendant is of average intelligence, his rational decision making is significantly impaired due to a severe mental illness, he exhibits both paranoid symptoms and grandiose thinking, and he lacks the capacity to make rational decisions regarding his case. He diagnosed defendant as suffering from schizophrenia, paranoid type and indicated that defendant is in need of further treatment, including a regimen of psychiatric medication.

Defendant's standby counsel announced that defendant does not challenge the findings and conclusions of Dr. Buigas. Based on the uncontested evidence in this case, I find by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense. 18 U.S.C. § 4241(d). It is therefore recommended that the Court commit the defendant to the custody of the Attorney General, who should be directed to hospitalize the defendant "for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed." 18 U.S.C. § 4241(d)(1). If, at the end of the specified period, it is determined that defendant's mental condition has not so improved as to permit the trial to proceed, the Court should direct the defendant's further detention under 18 U.S.C. § 4246 should it be determined that defendant's release would create a substantial risk of bodily injury to another person or serious damage to the property of

another. The director of the facility where defendant is hospitalized should be required to assess defendant's dangerousness while defendant is undergoing further evaluation and treatment.

**SO REPORTED AND RECOMMENDED** this 23rd day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA