FILED
U.S. DISTRICT COURT

2007 DEC 19 P 12: 49

CLERK _B Mc Carthy_

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR306-004 |
| | ) | |
| MICHAEL ANTHONY TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Following defendant's arrest in this district on a criminal complaint charging him with making threatening communications to two United States District Judges in the Western District of Oklahoma, doc. 1 (filed February 6, 2006), this Court determined that there was a substantial question as to defendant's competency to stand trial and his sanity at the time of the offense charged. Accordingly, the Court ordered that the defendant undergo a mental health examination at a Federal Medical Center pursuant to the provisions of 18 U.S.C. § 4241. Doc. 4. While the Court was awaiting the results of the competency evaluation, on March 10, 2006, the federal grand jury in this district returned an indictment charging defendant with

fraudulently applying for a credit card in the name of a United States District Judge and with two counts of threatening to murder a United States District Judge. Doc. 9.

On June 26, 2006, the Court received a forensic report from the mental health staff at the Federal Detention Center in Miami, Florida, which concluded that defendant was presently suffering from a severe mental disorder rendering him incompetent to stand trial and that he was unable to appreciate the nature and quality and wrongfulness of his actions at the time of the alleged offenses. After conducting a competency hearing on August 18, 2006, the Court determined that defendant was not competent to stand trial and ordered that he be hospitalized for up to four months to determine whether his competency could be restored, as contemplated by 18 U.S.C. § 4241(d)(1). Doc. 19 (adopting the Report and Recommendation (doc. 17) entered August 23, 2006). The Bureau of Prisons then transferred defendant to the Federal Medical Center at Butner, North Carolina for treatment.

The Butner medical staff issued a second forensic report on April 12, 2007, indicating that defendant remained mentally incompetent but concluding that with an additional period of hospitalization his competency to stand trial might be

restored. Doc 21. The attorney appointed as standby counsel for the defendant advised the Court that defendant stipulated to the treating clinicians' findings and consented to continued treatment by the mental health staff at the Butner facility, and the Court entered an Order directing that defendant be committed for an additional period of hospitalization. Doc. 22.

The Court has now received a third forensic report from the mental health staff at the Butner facility (dated September 28, 2007). After defendant's further hospitalization and treatment, the Butner forensic team has determined that he continues to suffer from a mental disease or defect rendering him mentally incompetent to stand trial and has concluded that it is unlikely his competency will be restored in the foreseeable future. It is the further opinion of the Butner medical staff that defendant's release would pose a substantial risk of physical harm to others or their property. Accordingly, the director of the Butner facility has concluded that defendant meets the criteria for further hospitalization under the provisions of 18 U.S.C. § 4246.

This Court has previously found that defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him

or assist properly in his defense. Docs. 17, 19. It is now evident that there is no substantial probability that defendant's mental competency will be restored in the foreseeable future. As defendant is not presently competent to stand trial, and as there is no likelihood that he will attain the capacity to stand trial upon further hospitalization, defendant is now subject to the provisions of 18 U.S.C. § 4246, as provided by 18 U.S.C. § 4241(d). Accordingly, the director of the Butner facility is obliged to transmit a certificate to the court for the district where defendant "is confined"—the United States District Court for the Eastern District of North Carolina—reflecting his opinion that defendant's release would pose a substantial risk of harm to others or the property of others. 18 U.S.C. § 4246(a). That Court will then secure counsel for defendant and conduct a hearing to determine whether defendant "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another." Id. Defendant's period of hospitalization must continue pending the completion of those procedures. Id.

This Court wishes to express its appreciation to attorney C. Michael Johnson for his assistance as standby counsel for the defendant. As further proceedings with respect to defendant will occur in the Eastern District of North Carolina, the Court

hereby relieves Mr. Johnson of any further obligations as standby counsel at this time.

**SO ORDERED** this _19th_ day of December, 2007.

DUDLEY H. BOWEN, JR.
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA